UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN GAYLES, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) No. 3:04cv0734AS |
| | ) |
| JOHN VANNATTA, | ) |
| | ) |
| Respondent | ) |

*MEMORANDUM OPINION AND ORDER*

On or about February 1, 2005, *pro se* petitioner, Kevin Gayles, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on May 26, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Attorney General has placed before this Court a series of exhibits designated A through F, both inclusive, which explicate in great detail the proceedings involved.

According to the papers in this case, Kevin Lee Gayles is presently in the Marion County, Indiana Jail in Indianapolis, Indiana. That is not in this district. However, it appears that he was the subject of a prison disciplinary proceeding designated as MCF 04-05-0465 which did occur in this district. There is enough of a deprivation of earned credit time here to require compliance with *Wolff v. McDonnell*, 418 U.S. 539 (1974). In fact, in proceedings in or around September 2004, this petitioner was found to be a habitual conduct rule violator and there is sufficient evidence to justify that finding under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), as well as the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531

U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States.  *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).  The focus is not on violations of state law.  *See Estelle v. McGuire,* 502 U.S. 62 (1991).  *See also Holman v. Gilmore,* 126 F.3d 876 (7th Cir. 1997).

An inmate may challenge in a federal court whether a conviction was supported by "some evidence" only where he has raised that issue in <u>all</u> administrative Appeals.  *See Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002), and *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Generally, provisions of the so-called ADP are under the rubric of state law.  *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).  There has simply been no violation of the due process clause of the Fourteenth Amendment or for that matter any other provision of the Constitution of the United States here.  This court does not here bottom any decision on harmless error.  Even if the violations which occurred in or around June 21, 2004 grew out of the same or related incidents, the record is still clear that this petitioner had four unrelated violations charged within a six-month period.

The petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

DATED:  July 5, 2005

              s/ ALLEN SHARP              
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**